MICHEL FOKINE, Respondent, *v.* JACOB J. SHUBERT, Appellant.

First Department, October 31, 1924.

Contracts — action to recover balance due on entire contract requiring plaintiff to produce ballet to be used in operetta — plaintiff's work was to be satisfactory to defendant — during rehearsals defendant expressed satisfaction — before rehearsals were completed plaintiff abandoned work — plaintiff abandoned contract before completion and cannot recover on contract or on quantum meruit.

The plaintiff, who contracted to produce a ballet to be used in an operetta in a manner perfectly satisfactory to the defendant, is not entitled to recover the balance due under the contract, which was an entire one, although during

the rehearsals the defendant expressed satisfaction with the work, where it appears that before the rehearsals were completed the plaintiff voluntarily and without fault on the part of the defendant abandoned the work and refused to go on with it.

Under such circumstances, nothing can be recovered on the contract or on the theory of *quantum meruit*, and the complaint should be dismissed.

APPEAL by the defendant, Jacob J. Shubert, from a determination and order of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 12th day of December, 1922, affirming a judgment of the City Court of the City of New York, and also, as stated in the notice of appeal, from an order of the City Court made on the 21st day of December, 1923, making the order of the Appellate Term the order of the City Court of the City of New York.

*I. Maurice Wormser* [*William Klein* with him on the brief], for the appellant.

*S. Goodelman,* for the respondent.

McAvoy, J.:

The plaintiff was employed by the defendant to render services in and about the production of a ballet to be performed in an operetta called " The Rose of Stamboul." There was a written contract made in January, 1922, between plaintiff and defendant in which the engagement of plaintiff was to produce the ballet for " The Rose of Stamboul " in a manner perfectly satisfactory to defendant. The compensation to be paid was the sum of $2,000, $500 to be paid upon the signing of the contract and $500 at the end of the first two weeks' rehearsals, and the balance during the first week of the performance of the play. The $500 provided for as an initial payment was paid, and the suit is for the balance of $1,500 which remains unpaid.

Plaintiff arranged various dances, groups and movements as a scheme of the ballet and introduced music composed by another than himself for the performance. He proceeded then to conduct rehearsals commencing on February 2, 1922, and continued until February 18, 1922. He claims to have had rehearsals on thirteen different days and sometimes two were held in one day. The rehearsals of the ballet were separate from those of the operetta and the only time that the plaintiff rehearsed the ballet with the operetta was on February 18, 1922, upon the stage of the Century Theatre in New York. It is said that after the rehearsal was completed, one Mr. Mandelkern, who was an agent of the plaintiff, spoke to the defendant and asked him: " How is everything; how is the ballet? " and defendant replied: " Everything is all right."

Plaintiff says that he was present on this occasion and overheard the conversation and heard the defendant say that he was satisfied with the ballet and that it was all right. In the evening of that day at a special rehearsal with the properties to be used in the ballet, one of the chorus girls laughed at the manner in which plaintiff was conducting the rehearsal and used certain veils, which were part of the properties to be used in the performance of the ballet, in a ludicrous manner, and several of the other girls engaged in the performance joined in the laughter. Plaintiff became angry at this episode and immediately walked out leaving the rehearsal of the performance unfinished. He never thereafter returned to complete the work and refused to obey the request of defendant's representative to return and repulsed the efforts of his wife to induce him to continue the rehearsal. After Mr. Fokine left, a Mr. Foster came in that same night and rehearsed the ballet and continued to do so the following day and every day after that until the dress rehearsal was held in New Haven. Even subsequent to the dress rehearsal there were changes made in the ballet before its final production in completed form. That this episode occurred is not a disputed matter of evidence, but is based entirely upon the plaintiff's own testimony on the trial. The ballet was never rehearsed with an orchestra, with costumes or with lighting effects which the testimony shows were an integral part of the ballet. The principal performers were without accompanying music for their part of the ballet after plaintiff had quit and were obliged to furnish such music themselves. There never was any dress rehearsal conducted by plaintiff which the proof shows is a customary performance in every musical production, and which reason indicates would be an essential act for completion of the obligation undertaken. By his own admission plaintiff never completed his work. He staged the performance of an unfinished rehearsal in which the properties for the ballet were being used for the first time He failed to attend the dress rehearsal and his proof that the defendant said he was satisfied with the ballet and accepted the same does not show a legal completion of his duty under the contract, since it was no more than a statement made during the period of rehearsals by the defendant in answer to a question that "everything is all right," which reply indicates no more than current satisfaction with the progress of the work.

The contract was an entire one, was only partly performed. Further performance of it was abandoned voluntarily and without fault on the part of the other party to the pact and without his consent. There was no prevention by defendant of further performance by plaintiff, nor was there any tender of completion

refused. Nothing under such circumstances can be recovered on the theory of *quantum meruit,* and the complaint should have been dismissed.

The determination appealed from and the judgment and order of the City Court should be reversed and the complaint dismissed, with costs to the appellant in all courts.

CLARKE, P. J., DOWLING, SMITH and MERRELL, JJ., concur.

Determination appealed from and judgment and order of the City Court reversed and complaint dismissed, with costs to the appellant in all courts.